O

# United States District Court
# Central District of California

| | |
|---|---|
| RICARDO SHERFIELD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NUMERO UNO ACQUISITIONS, LLC,<br><br>　　　　　Defendant. | Case 2:20-cv-00240-ODW (AGRx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [18]** |

## I.   INTRODUCTION

Plaintiff Ricardo Sherfield ("Sherfield") moves for an entry of default judgment against Defendant Numero Uno Acquisitions, LLC. (Mot. for Default J. ("Mot.") 1, ECF No. 18.) For the reasons discussed below, the Court **GRANTS** Sherfield's Motion for Default Judgment ("Motion").[1]

## II.   FACTUAL BACKGROUND

On January 8, 2020, Sherfield initiated this action against Defendant. (Compl., ECF No. 1.) There are two claims that arise from Sherfield's visit to Defendant's property in or about October 2019: (1) Violations of Title III of the Americans with

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Disabilities Act ("ADA"), claiming that the accessible restrooms failed to conform to the ADA standards pertaining to wheelchair users; and (2) violations of the Unruh Civil Rights Act ("Unruh") premised on the ADA violations. (Compl. ¶¶ 8, 19–25, 26–29.) This Court declined to exercise supplemental jurisdiction over Sherfield's Unruh state law claim; thus, the claim was dismissed without prejudice. (Order Declining Suppl. Jurisdiction ("Order Declining") 5, ECF No. 13.)

On January 14, 2020, Defendant was served the Summons and Complaint. (Proof of Service, ECF No. 11.) Defendant failed to respond to the Summons and Complaint and on February 6, 2020, Plaintiff filed a Request for Entry of Default. (Req. for Clerk to Enter Default, ECF No. 15.) The next day, the Clerk of Court entered default. (Entry of Default, ECF No. 16.) On March 10, 2020, Sherfield filed a Motion for Default Judgment. (Mot. 1.)

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 55(b) authorizes a district court to grant default judgment after the Clerk enters default under 55(a). Fed. R. Civ. P. 55(b). Before a court can enter default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in FRCP 54(c) and 55, as well as Local Rule 55-1. Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) When and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and (5) that the defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion to grant a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). However, "a defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D.

Cal. 2002). In exercising its discretion, a court considers several factors ("*Eitel* Factors"): (1) The possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–71 (9th. Cir. 1986). Generally, upon entry of default by the Clerk, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to the amount of damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

A party who has violated the ADA is liable for attorneys' fees and costs under 42 U.S.C. § 12205. Where, on motion for default judgment, a party seeks attorney fees and costs pursuant to a statute, those fees are calculated in accordance with the schedule provided by the Court. C.D. Cal. L.R. 55-3. A court may award attorney fees in excess of the schedule when the attorney makes a request at the time of the entry of default. *Id*.

## IV. DISCUSSION

### A. Procedural Requirements

Sherfield has satisfied the procedural requirements for an entry of default judgment. Sherfield has submitted a declaration stating: (1) The Clerk entered default against Defendant on February 7, 2020; (2) default was entered based on the Complaint Sherfield filed on January 8, 2020; (3) Defendant is neither an infant nor incompetent; (4) Defendant is not covered under the Servicemembers Civil Relief Act, 50 U.S.C. § 3931; and (5) Sherfield properly served Defendant with notice of this Motion through the United States Postal Service. (Decl. of Russell Handy ("Handy Decl.") ¶¶ 2, 5, 6, ECF No. 18-3.) Thus, Sherfield has satisfied the procedural requirements of FRCP 54(c) and 55, as well as Local Rule 55-1.

**B.  *Eitel* Factors**

Once the procedural requirements have been met, district courts must consider the *Eitel* Factors in exercising discretion for granting default judgment. For the reasons discussed below, the Court finds that the factors weigh in favor of granting default judgment.

*1.  Possibility of Prejudice to the Plaintiff*

The first *Eitel* Factor considers whether the plaintiff will suffer prejudice if default judgment is not entered. *Eitel*, 782 F.2d at 1471. Denial of default judgment leads to prejudice when it leaves a plaintiff without a remedy or recourse to recover compensation. *See Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010); *PepsiCo*, 238 F. Supp. 2d at 1177. Here, Defendants elected not to participate in this action after being properly notified. (Proof of Service of Mot., ECF No. 45-9.) Absent a default judgment, Plaintiff would have no further recourse to recover for Defendant's ADA violations. Therefore, this factor weighs in favor of default judgment.

*2.  Substantive Merits & 3.  Sufficiency of the Complaint*

The second and third *Eitel* Factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (alteration in original) (citing *PepsiCo*, 238 F. Supp. 2d at 1175.) Although well-pleaded allegations in the complaint are admitted by the defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). As previously stated, the Court declined to exercise supplemental jurisdiction over the Unruh claim, thus, the Court only addresses the ADA claim.

   a.  *ADA Claim*

Sherfield's allegations are sufficient to establish that Defendant violated Title III of the ADA, which prohibits acts of discrimination "on the basis of disability the full

and equal enjoyment of . . . services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ." 42 U.S.C. § 12182(a).

To succeed on his claim, Sherfield must establish that: (1) he is "disabled within the meaning of the ADA," (2) Defendant is a "private entity that owns, leases, or operates a place of public accommodation," (3) Defendant denied Sherfield public accommodation because of his disability, (4) the restroom in question "presents an architectural barrier prohibited under the ADA," and (5) "the removal of the barrier is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007–08 (C.D. Cal. 2014) (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)).

First, "disability" under the ADA is defined as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The ADA lists walking and standing as "Major Life Activities." 42 U.S.C. § 12102(2)(A). Sherfield asserts that he "suffers from a spinal cord injury and uses a wheelchair for mobility." (Compl. ¶ 1.) Thus, accepting this allegation as true, Sherfield has sufficiently established that he is disabled under the ADA.

Second, the ADA lists "private entities" such as "sales . . . establishments" as "public accommodations." 42 U.S.C. § 12181(7)(E). Private entities that own, lease, or lease to others, property, must comply with the ADA. 42 U.S.C. § 12182(a). Here, Sherfield alleges that Defendant owns Numero Uno Market, a store, that is "a facility open to the public, a place of public accommodation, and a business establishment." (FAC ¶¶ 3, 9.) Thus, taking these allegations as true, Sherfield has sufficiently alleged that Defendant owns a public accommodation.

As to factors three and four, "[a] public accommodation shall maintain . . . facilities . . . that are required to be readily accessible to and usable by persons with disabilities." 28 C.F.R § 36.211(a). "Whether a facility is 'readily accessible' is defined, in part, by the ADA Accessibility Guidelines ('ADAAG')." *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). The ADAAG guidelines "lay out the technical structural requirements of places of public

accommodation." *Id.* (citing *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1080–81 (9th Cir. 2004)).

For example, "[w]here toilet rooms are provided, each toilet room shall comply with 603." ADAAG § 213.2 (2010), https://www.ada.gov/regs2010/2010ADAStandards/2010ADAStandards_prt.pdf. Section 603 provides specifications for turning spaces, door swings, mirror heights, coat hooks, and other requirements. ADAAG § 208.3.1. Here, Sherfield alleges that "on the dates of the plaintiff's visits, the defendants failed to provide accessible restrooms in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff." (Compl. ¶ 10.) Although Sherfield failed to specify what about the restroom failed to conform with the ADAAG, the Court, taking his allegations as true, finds that Sherfield has sufficiently alleged, for the posture of this Motion, that the restrooms presented an architectural barrier that denied him public accommodation due to his disability.

As to the fifth factor, "'[r]eadily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Although "readily achievable" requires fact-driven determinations such as the "nature and cost" of the repair, Sherfield did not receive any such information because Defendants failed to oppose this action. (Req. for Clerk to Enter Default.); *See Spikes v. Shockley*, No. 19-cv-523-DMS-(JLBx), 2019 WL 5578234, at *3 (C.D. Cal. Oct. 28, 2019). Moreover, "widening doors," "installing grab bars in toilet stalls," and "rearranging toilet partitions to increase maneuvering space," amongst other remedies to lack of access in restroom spaces, are considered examples of "readily achievable" removals of barriers under the ADAAG. *See* 28 C.F.R § 36.304(b). Furthermore, Sherfield alleges that the barriers are "easily removed without much expense," and therefore satisfies the "burden of production to present evidence that a suggested method of barrier removal is readily achievable." (Compl. ¶ 16.); *Vogel*, 992 F. Supp. 2d at 1010–11 ("[Plaintiff's] allegation that removal of the barriers was readily achievable is sufficient to satisfy his burden of production." (citing *Colorado Cross*

*Disability v. Hermanson Family, Ltd.*, 264 F.3d 999 (10th Cir. 2001)).  Finally, Sherfield alleges that "there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable." (Compl. ¶ 16.)  Thus, taking his allegations as true, Sherfield has sufficiently alleged that the removal of Defendant's ADA violations is readily achievable.

### 4. *The Sum of Money at Stake*

The fourth *Eitel* Factor balances "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176; *Eitel*, 782 F.2d at 1471.  The amount at stake must be proportionate to the harm alleged. *Landstar*, 725 F. Supp. 2d at 921.  "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of the defendant's actions." *Truong Gian Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at * 12 (N.D. Cal. May 29, 2007).  Here, the Court has declined to exercise supplemental jurisdiction over Sherfield's state law claim and the ADA offers only injunctive relief to remedy easily removable architectural barriers to access.  Therefore, there are no monetary damages at stake.  Thus, this factor weighs in favor of granting default judgment.

### 5. *Possibility of Dispute*

The fifth *Eitel* Factor considers the possibility of dispute regarding material facts. *PepsiCo*, 238 F. Supp. 2d at 1177.  Here, as Defendant failed to oppose the Motion, no factual dispute exists because the allegations in the Complaint are presumed true. *See*, *Vogel*, 992 F. Supp. 2d at 1013.  Thus, this factor weighs in favor of default judgment.

### 6. *Possibility of Excusable Neglect*

The sixth *Eitel* Factor considers whether Defendant's default is the result of excusable neglect. *Eitel*, 782 F.2d at 1470.  No facts before the Court indicate that Defendant's default is due to excusable neglect.  Defendants were served a Summons and Complaint on January 14, 2020. (Proof of Service).  Additionally, Defendant was served notice of this Motion on March 10, 2020. (Handy Decl. ¶ 6.)  Defendant did not

respond to the Summons or Notice of this Motion. Thus, the Court finds that Defendant's default is not due to excusable neglect.

### 7. *Policy Favoring Decision on the Merits*

"[D]efault judgments are ordinarily disfavored. Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, where a defendant fails to answer a complaint, "a decision on the merits [is] impractical, if not impossible," *PepsiCo*, 238 F. Supp. 2d at 1177. As discussed, Defendant elected not to respond to the Summons and Complaint, rendering a decision on the merits impossible. (Req. for Clerk to Enter Default.) Thus, this factor weighs in favor of default judgment.

## C. Remedies

### 1. *Actual and Statutory Damages*

Sherfield seeks statutory damages not less than $4,000 for each offense pursuant to California Civil Code section 52(a). *Feezor v. Del Taco, Inc.* 431 F. Supp. 2d 1088, 1091 (S.D. Cal. 2005); (Compl. at 6, Prayer for Relief.) These damages, however, are remedies derived from Sherfield's state law claim under Unruh. As the Court has declined to exercise supplemental jurisdiction over Sherfield's Unruh claim, the Court **DENIES** Sherfield's request for actual and statutory damages.

### 2. *Injunctive Relief*

"To be entitled to injunctive relief under 42 U.S.C. § 12188(a)(2), [Sherfield] must show that [Defendant has] violated the ADAAG." *Vogel*, 992 F. Supp. 2d at 1015. For Title III violations, "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . ." 42 U.S.C. § 12188(a)(2). There are no further requirements for relief "when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief." *Vogel*, 992 F. Supp. 2d at 1015 (quoting *Moeller v. Taco Bell*, 816 F. Supp. 2d 831, 859 (N.D. Cal. 2011)). "Thus, injunctive relief is proper when architectural barriers at [Defendant's] establishment violate the ADA and the removal of the barriers is readily achievable." *Id*.

Here, Sherfield has established a valid Title III discrimination claim under 42 U.S.C. § 12188(a)(2). Certain architectural barriers at the Defendant's property prevented Sherfield from the full and equal enjoyment of Defendant's retail establishment. Injunctive relief is therefore appropriate. Defendant is ordered to remove all architectural barriers identified in Sherfield's Complaint that are readily achievable. *See Moreno v. La Curacao*, 463 F. App'x 669 (9th Cir. 2011) (finding that because the defendant's "retail establishment" was a public accommodation and the removal of barriers was "readily achievable," the plaintiff was "entitled to injunctive relief"); *Vogel,* 992 F. Supp. 2d at 1015–16 (holding that the patron was entitled to injunctive relief compelling the store owner to remove all architectural barriers identified in the complaint).

**D. Attorney's Fees and Costs**

Sherfield seeks $3996.50 in attorney's fees and $530.00 in costs. (Manning Decl. ¶ 8; Handy Decl. Ex. 1 ("Billing Records and Costs") 1, ECF No. 18-3.)

As Sherfield's ADA claim is meritorious, Sherfield is the prevailing party and may recover attorney's fees under 42 U.S.C. § 12205. Sherfield may also recover costs as provided in 29 U.S.C. § 1920, FRCP 54(d)(1), and Local Rule 54-2. In an application for default judgment, where attorney's fees are sought pursuant to a statute, fees are generally calculated according to the schedule provided by the court. C.D. Cal. L.R. 55-3. Attorneys may request fees in excess of the schedule, as Sherfield's have done here. C.D. Cal. L.R. 55-3. When a party makes such a request, "the court is obligated to calculate a 'reasonable' fee in the usual manner [using the 'lodestar method'], without using the fee schedule as a starting point." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152 (9th Cir. 2018). The "lodestar" method multiplies the hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Courts should exclude hours that are excessive, redundant, or not reasonably expended. *Id.* at 434. It is in the court's discretion to determine the reasonableness of the fees requested. *Id.* at 433. A court may consider a number of pertinent factors in determining the

reasonableness of an attorney's fees award. *Langer v. Butler*, No. 19-cv-0829-DOC (JDEx), 2019 WL 6332167, at *8 (C.D. Cal. Aug. 27, 2019) (citing *Quesada v. Thomason*, 850 F.2d 537, 539 n.1 (9th Cir. 1988) (listing twelve factors)).[2]

Here, Sherfield's attorneys fail to justify their billing rates. Both Mr. Potter and Mr. Handy, partners, charge $595 per hour for their ADA work and Ms. Grace charges $550 per hour. (Mot. 12.) Mr. Handy declares that their rates are within the median market for attorneys with similar years of experience; however, he cites to a report that does not address rates in his practice area. (Mot. 12, 16; Handy Decl. ¶ 14.) Furthermore, he refers to only eight of approximately 2423 cases filed by Mr. Handy in 2019 and 2020 (to-date) in which sister courts in the Central District have approved his rates. (Mot. 18; Handy Decl. ¶ 12.) Although Sherfield's attorneys only billed 6.8 hours, many tasks such as searching public records or reviewing google satellite images were completed by partners when better suited for associates. (Billing Records and Costs 2.) The Court does not see why such basic research needed the skill and expertise of partners practicing in ADA law for over twenty years.

Furthermore, while represented by the same firm, Sherfield alone has filed six cases within the last twelve months. Sherfield's cases include nearly identical complaints and subsequent filings, with billing records that reflect the use of templates. In fact, the billing record attached states as a line item "Amended the default judgment template with all component parts." (Billing Records and Costs 3.) Notably, Sherfield's attorneys have filed thousands of ADA cases in this district using "carbon-copy complaints and 'entirely boilerplate' litigation." *Tate v. Deoca*, No. 14-cv-08738-SJO (MRWx), 2018 WL 5914220, at *8 (C.D. Cal. July 31, 2018) (citing cases and

---

[2] The factors are: (1) The time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of accepting the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney(s); (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 539 n.1.

cautioning against awarding counsel a windfall for such copy-and-paste work). The Court recognizes the time necessary to prepare filings in this matter and to investigate and identify the proper defendants, but this litigation is not particularly complex or laborious, nor has it been litigious as Defendant failed to answer. Indeed, this matter has proceeded in a fairly straightforward matter over only a few months. Finally, nothing indicates that Sherfield's attorneys have been precluded from accepting other employment due to the acceptance of this case.

In light of the redundancy of work, familiarity with Sherfield, expertise in the area of law, and straightforward nature of the case involved for the extensively-trained attorneys, the Court reduces the lodestar by 50% and **awards $1998.00 in attorney's fees**. *See Langer*, 2019 WL 6332167, at *8 (reducing requested fees by 50% for reasons similar to the above); *Tate*, 2018 WL 5914220, at *8 (same).

Finally, the Court accepts attorney Handy's declaration that Sherfield incurred litigation expenses of $530.00. (Billing Record and Costs 1.) Thus, the Court **awards costs of $530.00**.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Sherfield's Motion for Default Judgment and **AWARDS injunctive relief**. The Court further **AWARDS $1998.00 in attorney's fees** and **$530.00 in costs**. The Court will issue Judgment.

**IT IS SO ORDERED.**

July 23, 2020

_____
            **OTIS D. WRIGHT, II**
      **UNITED STATES DISTRICT JUDGE**